IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-512-BO-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. Anjelica Brown, Plaintiff-Relator, v. MINDPATH CARE CENTERS, NORTH CAROLINA, PLLC, JEFF WILLIAMS, ABIGAIL SHERIFF, and SARAH WILLIAMS, Defendants. | O R D E R |

This cause comes before the Court on defendants' motions *in limine* and to compel. The United States has responded in opposition and the motions are ripe for disposition. For the reasons that follow, defendants' motions are denied.

BACKGROUND

In this *qui tam* action, the United States has filed a complaint in intervention to recover statutory damages, civil penalties, and investigative costs pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as well as damages and other relief for fraud, unjust enrichment, and payment by mistake of fact. [DE 40]. The government's claims are based on alleged false claims to Medicare for improperly billing Psychotherapy claims as "add-on" codes to Evaluation and Management sessions. *Id.*

Defendants have first filed a motion *in limine*, seeking to preclude the government from utilizing certain evidence and testimony. Defendants have also filed an expedited motion to compel, seeking to compel the government to provide reams of voluminous, relevant, non-

privileged documents responsive to the defendants' requests for production of documents and interrogatories.

## DISCUSSION

Motion *in limine*

At the outset, the government's motions for extension of time to respond to the motion *in limine* [DE 58; DE 59] are GRANTED and the response filed at [DE 60] is deemed timely filed.

A motion *in limine* is used "in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling *in limine* is preliminary and may be subject to change as the trial unfolds. *Id.* at 41. Moreover, "[c]ourts routinely defer ruling on motions in limine and evidentiary matters [raised prior to trial] until they have enough information." *Finch v. Covil Corp.*, 388 F. Supp.3d 593, 612 n.14 (M.D.N.C. 2019).

Defendants seek an order preventing the government from using documents and presenting witnesses which the government has not identified or produced on the basis of unspecified categories of privilege. Defendants argue that they are unable to meaningfully evaluate what the government is withholding and that they justifiably fear that the government will surprise them in depositions and in court.

Defendants have failed to demonstrate that a ruling *in limine* prohibiting the use of any witness or evidence is warranted. First, it is not clear what the Court would be prohibiting the government from utilizing or relying on. Second, motions *in limine* typically arise in advance of trial, and the dispositive motions filing period has not yet closed. Third, defendants have unpersuasively argued that the government is withholding rafts of evidence, but they did not first

2

file a motion to compel nor have they demonstrated that the government's privilege assertions are unfounded.

At bottom, the motion *in limine* is premature and not sufficiently detailed. It does not identify any prejudicial evidence nor assist the Court in streamlining issues for trial. The motion is denied.

Motion to compel

Defendants next filed an expedited motion to compel on February 4, 2025. They seek an order compelling the government to produce reams of voluminous, relevant, non-privileged documents which defendants contend are responsive to their requests for production and interrogatories. Defendants specifically seek evidence which supports the government's allegations and documents relating to the investigation of the government's agents.

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Factors to be considered in determining whether discovery is proportional to the needs of the case include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The discovery "rules are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court has "substantial discretion" to manage discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

3

Rule 37(a) governs motions to compel. "The party resisting discovery bears the burden of showing why it should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010).

Federal Rule of Civil Procedure 37(a)(1) states,

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The motion to compel states that "Defendants have met and conferred, but the Government has failed to engage in meaningful consultations or meet even basic obligations under the Rules of Discovery." [DE 62 at 3]. Local Civil Rule 7.1(c)(2) requires all movants filing discovery motions to "certify that there has been a good faith effort to resolve [the] discovery dispute[] prior to the filing of any discovery motions."

Defendants' certification falls short of what is required, and the government disputes that good faith efforts to resolve the discovery disputes have been undertaken prior to filing this motion. Defendants have not provided any details, through, for example, the filing of any copies of email correspondence, supporting that good faith efforts have been undertaken beyond the single statement in their motion. *See Locke v. Murphy*, No. 5:22-CV-344-FL, 2024 WL 4612918, at *2 (E.D.N.C. Oct. 29, 2024). This provides ample basis for the Court to deny the motion to compel.

Additionally, the government has sufficiently established that its privilege log is adequate and that the privileges asserted apply. For example, defendants seek the witness interview reports by Agent Wiggam, which the government correctly asserts are protected by the work product doctrine. *See, e.g., United States v. Bertie Ambulance Serv., Inc.*, No. 2:14-CV-53-F, 2015 WL 3932167, at *7 (E.D.N.C. June 25, 2015). Defendants have not demonstrated substantial need and

4

undue hardship to overcome this privilege. *id.*, nor have they sufficiently explained why deposing the witnesses interviewed by the government's agents is inadequate.

The motion to compel is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion in limine [DE 54] is DENIED and defendants' motion to compel [DE 61] is DENIED. Plaintiff's motions for extension of time [DE 58; DE 59] are GRANTED.

SO ORDERED, this **3** day of April 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE