IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-512-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, Angelica Brown, | ) ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) ) | |
| MINDPATH CARE CENTERS, NORTH CAROLINA, PLLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on referral to the undersigned for a court-hosted settlement conference. [DE-80]. The settlement conference will be held on **Wednesday, July 9, 2025, at 10:00 a.m., Courtroom 3, Alton Lennon Federal Building and Courthouse, Wilmington, North Carolina**. This order serves to inform the parties and counsel of the court's expectations at the conference.

The following persons shall attend the conference in person, pursuant to Local Civil Rule 101.2(d)(1), unless excused by the court: the individual parties, including an officer, manager, or director of any entity party, at least one attorney of record for each party, and a representative of the insurance carrier for any party against whom a claim is made. Any request to excuse the personal attendance requirement shall be made promptly and pursuant to Local Civil Rule 101.2 (d)(2).

The purpose of the settlement conference is to facilitate settlement of the case if that is appropriate. The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. Notwithstanding the provisions of Rule 408 of the

Federal Rules of Evidence, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference, shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference. To that end, all matters communicated to the undersigned in confidence will remain confidential and will not be disclosed to any other party or to the trial judge. The undersigned will not serve as the trial judge in this case.

Parties shall submit confidential settlement memoranda to the undersigned by no later than **Wednesday, July 2, 2025**. Memoranda should not be filed with the court but rather shall be submitted directly to chambers by e-mail to **Documents_Judge_Jones@nced.uscourts.gov**.[1] Such memoranda should include a concise statement of the factual issues, issues of law, damages, settlement negotiation history of the case, and the evidence the party expects to produce at trial, should not exceed four (4) pages, and need not be served on other parties. All matters disclosed in settlement memoranda are confidential and may not be disclosed to the trial judge or used in any way should the case not settle.

Except to the extent modified herein, the conference shall be governed by the provisions of the Local Civil Rules.

SO ORDERED, the _15_ day of May, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] This is a receipt-only email address and should not be used for any other correspondence with the court.