**GEORGE P. CORVIN, M.D.**
5530 MUNFORD RD., STE. 119
RALEIGH, NC 27612

FORENSIC
PSYCHIATRY

TELEPHONE (919) 782-9554
FACSIMILE (919) 782-9130

January 30, 2025

Neal I Fowler, Assistant United States Attorney
United States Attorney's Office – Eastern District of North Carolina
310 New Bern Ave, Suite 800
Raleigh, NC 27601-1441

RE: United States v Mindpath
United States District Court for the Eastern District of North Carolina

Dear Mr. Fowler:

It was a pleasure to have the opportunity to speak with you recently regarding my analysis in the above captioned matter. I'm writing today to follow up on that conversation, and in particular, to summarize the findings and conclusions of my review of relevant documents as provided previously by your office.

As such, I anticipate that this document will satisfy your request for an expert report detailing the scope of my evaluation and resulting forensic opinions as required by the *Federal Rules of Civil Procedure Rule 26(a)(2)(B)-Duty to Disclose: General Provisions Governing Discovery*.

In accordance with the requirements of *Rule 26*, I have attached to this summary a copy of my curriculum vitae which details my educational and professional qualifications as a general and forensic psychiatrist, a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition, and my general condition letter which, among other information, outlines my fee schedule for my forensic analysis in this matter and any future testimony by deposition or at trial which may be required. Also, in response to the disclosure rule set forth within *Rule 26*, I have not authored any publications during the previous ten years.

The clinical observations and forensic opinions discussed in this report are based on review of collateral documents as provided previously by your office. The information that has been gathered during the course of this assessment is sufficiently detailed to enable me to offer the opinions summarized herein with a reasonable degree of medical certainty.

**Sources of Information:** As of the date of this summary, I have completed a review of the following collateral documents as provided by your office:




1) A sample of sixty progress notes summarizing outpatient mental health services provided by clinicians at Mindpath Health (billed to Medicare primarily as evaluation and management (E/M) CPT codes 99213 and 99214 as well as current procedural terminology (CPT) code 90833 for add on psychotherapy sessions lasting sixteen to thirty-seven minutes with interactive complexity). Specific progress notes provided include

   a. Patient C.A., date of service May 3, 2019
   b. Patient M.A., date of service November 23, 2019
   c. Patient E.B., date of service October 15, 2019
   d. Patient C.B., date of service August 14, 2019
   e. Patient P.B., date of service May 14, 2020
   f. Patient A.B., date of service December 29, 2020
   g. Patient R.B., date of service November 4, 2019
   h. Patient G.B., date of service February 28, 2020
   i. Patient T.B., date of service December 13, 2018
   j. Patient M.C., date of service May 7, 2019
   k. Patient S.C., date of service May 9, 2018
   l. Patient L.C., date of service February 5, 2019
   m. Patient R.D., date of service January 3, 2018
   n. Patient E.D., date of service July 11, 2019
   o. Patient R.F., date of service September 21, 20120
   p. Patient J.F., date of service February 8, 2018
   q. Patient D.F., date of service August 19, 2020
   r. Patient J.F., date of service December 4, 2019
   s. Patient K.G., date of service June 29, 2020
   t. Patient R.G., date of service July 26, 2018
   u. Patient C.H., date of service November 12, 2018
   v. Patient M.J., date of service May 7, 2019
   w. Patient R.J., date of service December 3, 2018
   x. Patient K.K., date of service October 9, 2019
   y. Patient N.K., date of service June 8, 2018
   z. Patient H.K., date of service January 31, 2018
   aa. Patient R.L., date of service August 24, 2020
   bb. Patient N.L., date of service January 28, 2020
   cc. Patient H.L., date of service August 9, 2018
   dd. Patient M.L., date of service May 19, 2020
   ee. Patient J.M., date of service December 28, 2020
   ff. Patient K.M., date of service December 18, 2020
   gg. Patient C.M., date of service December 7, 2020
   hh. Patient C.M., date of service November 19, 2020

| | |
|---|---|
| ii. | Patient N.M., date of service July 13, 2020 |
| jj. | Patient T.M., date of service December 20, 2018 |
| kk. | Patient R.M., date of service June 8, 2020 |
| ll. | Patient J.M., date of service August 13, 2020 |
| mm. | Patient G.N., date of service February 27, 2018 |
| nn. | Patient D.N., date of service October 4, 2019 |
| oo. | Patient R.O., date of service April 25, 2019 |
| pp. | Patient C.P., date of service June 15, 2020 |
| qq. | Patient P.P., date of service November 12, 2019 |
| rr. | Patient S.R., date of service November 10, 2020 |
| ss. | Patient D.R., date of service May 14, 2019 |
| tt. | Patient C.R., date of service February 9, 2018 |
| uu. | Patient J.R., date of service August 6, 2020 |
| vv. | Patient M.S., date of service June 26, 2019 |
| ww. | Patient M.S., date of service November 6, 2019 |
| xx. | Patient P.S., date of service September 3, 2020 |
| yy. | Patient L.S., date of service April 23, 2019 |
| zz. | Patient W.S., date of service June 15, 2020 |
| aaa. | Patient J.S., date of service January 24, 2018 |
| bbb. | Patient A.S., date of service May 21, 2018 |
| ccc. | Patient C.T., date of service December 28, 2020 |
| ddd. | Patient L.V., date of service October 23, 2020 |
| eee. | Patient D.W., date of service February 10, 2020 |
| fff. | Patient D.W., date of service October 26, 2020 |
| ggg. | Patient W.W., date of service October 31, 2019 |
| hhh. | Patient L.W., date of service July 31, 2019 |

I was initially contacted regarding this matter on April 20, 2023 at which time a review of the above listed documents was requested in order to provide an assessment of whether the reviewed medical records supported Medicare claims for CPT code 90833 on those dates of service.

By way of background, CPT code 90833 is an "add on" code for individual psychotherapy services performed in conjunction with separately provided and billed evaluation and management services, such as CPT codes 99213 (office or outpatient visit with an established patient focusing on evaluation and management involving a low level of medical decision-making and/or requiring the provider to spend twenty or more minutes in total on the visit on a single date) and code 99214 (detailing services of moderate complexity provided for an established outpatient).

Add on CPT code 90833 is utilized for the provision of individual psychotherapy, insight oriented, behavior modifying, and/or supportive services lasting sixteen to thirty-seven minutes.

Documentation for both E/M services and psychotherapy must be significant (i.e., contain clinically relevant detail) and separately identifiable. Documentation for psychotherapy add on code 90833 should include exact start and stop times (for purposes of this review, documentation of total time utilized for psychotherapy in lieu of providing the specific time therapy was started and ended was deemed sufficient), the issues that were addressed, interventions/modalities utilized, and progress/response to interventions made during the course of treatment.

My review of the aforementioned medical records was undertaken in the context of these clinical service definitions and documentation requirements. I have utilized a rather generous interpretation of standards in these areas (such as determination of whether significant, clinically relevant detail in documentation is present).

Based on my review of these medical records, comprised of sixty separate progress notes/date of service (fifty nine unique patients) it is my opinion with a reasonable degree of medical certainty that the services provided and documented on twenty-nine of the dates of service reviewed met applicable standards and were sufficient to support the Medicare CPT codes that were submitted for billing purposes (primarily 99213 or 99214 in addition to 90833 as described above).

However, as will be detailed below, thirty-one dates of service failed to support submitted claims for CPT code 90833. I have attached to this summary a chart (without patient identifying information) detailing specific areas of deficiency noted on review of those records. This same information will be reviewed in additional detail below.

For the purposes of this evaluation, observed deficiencies fall primarily in one of twelve areas. As detailed on that chart, these areas include:

1. inadequate time documented for support of services billed,
2. no specific time documented for those services,
3. documentation that the patient was not able to participate or could not benefit from psychotherapy services,
4. documentation that the patient was refusing psychotherapy,
5. failure to list any therapeutic modality/intervention,
6. failure to document any targeted goal or response to interventions employed,
7. absence of documentation of psychotherapeutic services,
8. failure to document provision of services to support submission of billing for evaluation and management code,
9. listing of therapeutic modality not consistent with that documented in progress note,
10. documentation that patient is receiving therapy elsewhere (such that add-on therapy not deemed medically necessary, nor clinically desirable given risk of adverse treatment impact of patient contemporaneously seeing more than one therapist.)

11. documentation that services billed as psychotherapy were educational services, and
12. documentation that the entire duration of the visit was for provision of psychotherapeutic services (thus no time allowed for provision of evaluation and management service).

These areas of deficiency as well as other miscellaneous, unique areas of concern for each of the thirty-one dates of service found to be deficient will be discussed further below.

Documentation of services provided to patient C.A., date of service May 3, 2019, failed to list time for provision of therapeutic services as required, and additionally no therapeutic intervention/modality was documented. It was also noted in that progress note that the patient was "considering therapy" which would appear to preclude billing for therapeutic services.

The progress note reviewed for patient M.A., date of service November 23, 2020, also failed to specify a therapeutic modality/intervention, nor was a goal and response to any utilized intervention detailed. Furthermore, documentation of services billed under CPT code 90833 were viewed as educational as opposed to psychotherapeutic in nature.

Documentation of services provided to patient P.B., date of service May 14, 2020, failed to specify time devoted to psychotherapy. This progress note did not list a goal for psychotherapy, and response to intervention was listed only as "static".

Documentation of services provided to patient R.B. on November 4, 2019 failed to document a therapeutic goal and response, and the description of therapeutic modality was not consistent with documented service (which consisted primarily of a restatement of the patient's symptom description).

Documentation of services provided to patient G.B. on February 28, 2020 failed to list/document time utilized for provision of psychotherapy.

Documentation of services provided to patient T.B. on December 13, 2018 failed to document time utilized for provision of psychotherapy, failed to list a therapeutic modality/intervention, did not document a goal of therapy or response to therapeutic intervention. It was also noted that the patient was receiving therapy elsewhere (note documented "continue treatment with Lara Hart in Garner").

Documentation of services provided to patient M.C. on May 7, 2019 did not document time utilized for provision of psychotherapy, did not document a therapeutic modality/intervention, did not document a goal of therapy or response to intervention, and did not adequately document services provided as required for CPT code 90833. Of note, this progress note documented "recommend cognitive therapy" stating further that the patient planned to start therapy at Perkins Counseling Center.

Documentation of services provided to patient S.C. on May 9, 2018 did not list a goal for psychotherapy nor a response to intervention, did not provide sufficient documentation of an evaluation and management service as required to support an add on CPT code, and therapeutic modality was not consistent with service documented. Given that there was insufficient support for the billed E/M code (99213) it was not possible to support billing of an add on psychotherapy code.

Documentation of therapeutic modality utilized with patient L.C. on February 5, 2019 was viewed as inconsistent with service as documented for psychotherapy.

Documentation of services provided to patient R.D. on January 3, 2018 did not list a therapeutic modality nor was a goal of therapy detailed. Response to therapeutic intervention was listed only as "static" and it was documented that the patient was preparing to start a grief counseling group.

Documentation of services provided to patient R.F. on September 21, 2020 documented the patient as not able to participate in or benefit from psychotherapeutic services. Furthermore, documentation appeared to suggest that the patient did not actively or primarily participate in psychotherapeutic services. As such, the therapeutic modality indicated was not viewed as consistent with documented services. As detailed in that progress note, minimal history was obtained from the patient, and the primary historian/point of contact during that telemedicine visit was the wife of the patient.

Documentation of services provided to patient J.F. on February 8, 2018 did not list a duration of time utilized for psychotherapy nor was documentation of services provided for add on psychotherapy CPT code 90833 present.

Documentation of services provided to patient J.G. on December 4, 2019 documented the patient as refusing psychotherapy. While documenting that he was declining therapy, there was documentation of mindfulness therapy being discussed.

Documentation of services provided to patient R.G. on July 26, 2018 did not support provision of an evaluation and management service necessary to support an add on psychotherapy code. Similarly, therapeutic modality discussed did not appear consistent with service as documented. Additionally, response to psychotherapy was listed simply as "static".

Documentation of services provided to patient R.J. on December 3, 2018 did not list a therapeutic goal or a response to therapy, services documented were viewed as educational as opposed to psychotherapeutic, and response to therapy was listed simply as "static".

Documentation of services provided to patient K.K. on October 9, 2019 revealed that no evaluation and management service was submitted or documented. Furthermore, additional documentation was viewed as educational in nature as opposed to psychotherapeutic.

Documentation of services provided to patient N.K. on June 8, 2018 failed to support provision of an evaluation and management service necessary to support an add on psychotherapy code, furthermore, therapeutic modality documentation was not consistent with documented service. Of note, the entire psychotherapy note read as follows, "maintenance therapy/relaxation therapy".

Documentation of services provided to patient H.K. on January 31, 2018 did not list a time for provision of psychotherapeutic services, nor was documentation for a CPT code 90833 present (i.e., there was no documentation for add on psychotherapy).

Documentation of services provided to patient R.L. on August 24, 2020 noted that the patient was receiving psychotherapy from another provider, documenting "continue therapy with C. Peoples."

Review of documentation of services provided to patient M.L. on May 19, 2020 revealed that therapeutic modality utilized was not consistent with services as documented. Documentation of psychotherapy was viewed as psychoeducational as opposed to psychotherapeutic in nature (discussion regarding sleep hygiene and issues surrounding driving).

Documentation of services provided to patient C.M. on December 7, 2020 did not adequately describe therapeutic intervention nor how a response to psychotherapeutic intervention was determined. More specifically, while documentation of add on therapy did document sufficient time, target symptoms, a goal for treatment, and a modality (supportive therapy) response was listed simply as "positive" with no explanation as to how that was determined or in what way the therapeutic response was "positive" given that targeted symptoms were broadly described as "panic attacks, anxiety, depression, PTSD, and ADHD."

Documentation of services provided to patient C.M. on November 19, 2020 did not support provision of an evaluation and management service necessary to utilize an add on psychotherapy code. More specifically, this progress note documents the entire duration of that appointment as utilized for provision of psychotherapy services, leaving zero minutes for provision of evaluation and management services. While E/M services are not time based in this context, it perhaps goes without saying that if documented accurately, zero minutes is inadequate to provide any of the services defining the E/M code billed on that date of service (99214).

Documentation of services provided to patient N.M. on July 13, 2020 did not document a goal or psychotherapeutic intervention nor a response to intervention utilized.

Documentation of services provided to patient T.M. on December 20, 2018 did not list a time utilized for provision of psychotherapy nor was there documentation of services provided for add on psychotherapy.

Documentation of services provided to patient G.N. on February 27, 2018 did not list a time utilized for provision of psychotherapy, did not document provision of services consistent with CPT code 90833, nor was the evaluation and management service billed sufficient in that no chief complaint addressed during that date of service was provided.

Documentation of services provided to R.O. on April 25, 2019 failed to list a goal of psychotherapy or a response to psychotherapeutic intervention. Also as documented, one minute was dedicated to provision of the billed evaluation and management service (99214). Again, while that CPT code is not time based in this context, this division of time as documented casts considerable doubt on the provider's ability to provide adequate E/M services during a one-minute interval.

Documentation of services provided to patient C.P. on June 15, 2020 did not list a goal of psychotherapy nor a response to therapeutic intervention. Similarly, the therapeutic modality indicated was not consistent with documented service. Of note, this progress note also documented that the patient had the "option of brief talk therapy if needed" suggesting that he was not then considered to be receiving psychotherapy or "brief talk therapy".

Documentation of services provided to patient D.R. on May 14, 2019 did not document time utilized for provision of psychotherapy nor was any documentation for add on psychotherapy services provided.

Documentation of services provided to patient M.S. on November 6, 2019 failed to document the time utilized for psychotherapy as required.

Documentation of services provided to patient W.S. on June 15, 2020 revealed the content of services provided to be educational as opposed to psychotherapeutic. Furthermore, as documented, the entire duration of the visit was utilized for psychotherapeutic services, leaving no time for provision of evaluation and management services.

Documentation of services provided to patient A.S. on May 21, 2018 documented inadequate time for support of psychotherapeutic services billed (15 minutes documented, minimum required 16 minutes). This progress note also failed to provide significant (clinically meaningful) documentation of therapeutic services rendered, stating, in its entirety, "Interventions: maintenance therapy – issues/content – discussed stressors. Validated feelings. – Response:static."

As noted earlier, the remaining twenty-nine dates of service reviewed appeared, in the opinion of the undersigned, to adequately document services sufficient for submission of the evaluation and management and add on psychotherapy codes submitted.

Thank you again for allowing me the opportunity to provide you with a psychiatric review of relevant medical records in this matter. Please feel free to contact me if I can be of further assistance.

Sincerely,

George P. Corvin, MD, DLFAPA
General & Forensic Psychiatry

## Legend

| # | Description |
|---|---|
| 1 | Inadequate Time |
| 2 | No Therapy Time Listed |
| 3 | Per E/M, pt not able to participate / benefit from tx |
| 4 | Per E/M, pat refuses psychotherapy |
| 5 | No therapeutic modality listed |
| 6 | No goal/response listed |
| 7 | No documentation for 90833 present |
| 8 | No E/M service to support add-on code |
| 9 | Therapeutic modality not consistent with documented service |
| 10 | Pt receiving therapy elsewhere |
| 11 | Documentation educational vs psychotherapy |
| 12 | Entire duration of visit = 90833 (no time for E/M listed) |
| 13 | Other/Misc (note) |

## Audit Table

| Name | DOS | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CA | 5/3/2019 | X | | | | X | X | | | | | | | states pt "considering therapy" |
| MA | 11/23/2020 | | | | | X | X | | | | | X | | |
| PB | 5/14/2020 | | X | | | | X | | | | | | | response "static" |
| RB | 11/4/2020 | | | | | | X | | | X | | | | documentation primarily restatement of pt sx report |
| GB | 2/28/2020 | | X | | X | | | | | | | | | |
| TB | 12/13/2018 | X | | | | X | X | | | | | | | "Continue Treatment with Lara Harp in Garner" |
| MC | 5/7/2019 | X | | | | X | X | | | | X | | | docs "rec cognitive tx", Plans to start at Perkins Couns Ctr |
| SC | 5/9/2018 | | | | | | X | | X | X | | | | 99213 not met, unable to bill add-on tx code |
| LC | 2/5/2019 | | | | | | | | X | X | | | | |
| RD | 1/3/2018 | | | | | X | X | | | | | | | notes: to start grief couns. Group, response "static" |
| RF | 9/21/2020 | | | X | | | | | | X | | | | minimal hx per pt, primary com (telemed) via wife of pt |
| JF | 2/8/2018 | | X | | | | | X | | | | | | no documetation for add-on tx |
| JG | 12/4/2019 | | | | X | | | | | | | | | states pt declines therapy, but docs mindfulness tx |
| RG | 7/26/2018 | | | | | | | | X | X | | | | repsonse "static" |
| RJ | 12/3/2018 | | | | | | X | | X | | | | | response "static" |
| KK | 10/9/2019 | | | | | | | | X | X | | X | | no E/M billed/documented |
| NK | 6/8/2018 | | | | | | | | X | X | | X | | entire note = "maintenance therapy/relaxation therapy /" |
| HK | 1/31/2018 | | | X | | | | X | | | | | | no documetation for add-on tx |
| RL | 8/24/2020 | | | | | | | | | | X | | | note docs "cont. therapy with C. Peoples" (different provider) |
| ML | 5/19/2020 | | | | | | | | | X | X | | | Psychoeducation re: sleep hygiene/driving issues |
| CM | 12/7/2020 | | | | | | | | | X | | | | no desc. of tx, or how response determined |
| CM | 11/19/2020 | | | | | | | | X | | | | X | total session time doc'd as 90833, leaves 0 mins for E/M |
| NM | 7/13/2020 | | | | | | X | | | | | | | No goal/response noted |
| TM | 12/20/2018 | | X | | | | | X | X | | | | | |
| GN | 2/27/2018 | | X | | | | | X | X | | | | | E/M not met (no CC)//no documetation for add-on tx |
| RO | 4/25/2019 | | | | | X | X | | | X | | | | no repsonse doc'd/one minute total for E/M improbable |
| CP | 6/15/2020 | | | | | X | X | | | | | | | discusses "option of brief talk tx if needed" |
| DR | 5/14/2019 | | X | | | | | X | | | | | | no documetation for add-on tx |
| MS | 11/6/2019 | | X | | | | | | | | | | | |
| WS | 6/15/2020 | | | | | | | | | | X | X | | |
| AS | 5/21/2018 | X | | | | | | | | | | | | 15 minutes for tx services/inad. doc. to support svcs. billed |

USA_0004009

# GEORGE PATRICK CORVIN, MD, DLFAPA

North Raleigh Psychiatry, P.A. • 5530 Munford Rd., Suite 119 • Raleigh, North Carolina 27612-2638
(919) 782-9554 phone          GCorvin@gmail.com          (919) 782-9130 fax

**CITIZENSHIP**
- United States of America

**CERTIFICATION AND LICENSURE**
- Board Certified, General & Forensic Psychiatry, The National Board of Physicians & Surgeons (2017 – 2025)
- American Board of Psychiatry & Neurology - Forensic Psychiatry (Certified 1998-2018)
- American Board of Psychiatry & Neurology - General Psychiatry (Certified 1997-2017)
- Distinguished Life Fellow of the American Psychiatric Association (2022)
- Distinguished Fellow of the American Psychiatric Association (2009)
- North Carolina Medical License #97-00519
- Kentucky Medical License #53584
- National Board of Medical Examiners – Part I (1990), Part II (1991), Part III (1993)

**EDUCATION**
- **FELLOWSHIP** (July 1996 – June 1997)
  Forensic Psychiatry
  United States Department of Justice
  Federal Bureau of Prisons
  Federal Correctional Institution
  Butner, North Carolina
- **RESIDENCY** (July 1992 – June 1996)
  Psychiatry
  Medical College of Georgia
  Augusta, Georgia
- **MEDICAL SCHOOL** (July 1988 – June 1992)
  University of Alabama at Birmingham
  Birmingham, Alabama
  Degree: M.D.
- **COLLEGE** (August 1984 – May 1988)
  Birmingham – Southern College
  Birmingham, Alabama
  Degree: Bachelor of Science (Biology & Psychology)

**MEMBERSHIP**
- American Psychiatric Association
- American Academy of Psychiatry and Law
- North Carolina Psychiatric Association
- North Carolina Psychiatric Association Psychiatry and Law Committee

**CLINICAL EXPERIENCE**
- Private Psychiatric Practice (August 1997 – Present)
  North Raleigh Psychiatry, P.A., 5530 Munford Rd., Ste. 119, Raleigh, North Carolina

**CLINICAL EXPERIENCE** – cont.
- Medical Staff President (January 2002 – December 2006)
  Holly Hill Hospital
  Raleigh, North Carolina
- Service Director of the Chemical Dependency Program (January 1999 – December 2006)
  Holly Hill Hospital
  Raleigh, North Carolina
- Fee Basis Physician Scheduling Coordinator (June 1994 – June 1996)
  Georgia Regional Hospital at Augusta
  Augusta, Georgia
- Compensation and Pension Examiner (Psychiatry) (August 1995 – June 1996)
  Department of Veteran Affairs
  Augusta, Georgia

**AWARDS AND HONORS**
- Board of Directors – Alliance Health (March 2012 – April, 2020; November 2022 - Present)
  - Chairman, Quality Management Committee (July 2014 – July 2017)
  - Vice Chairman, Board of Directors (July 2017 – June 2019)
  - Chairman, Board of Directors (June 2019 – April, 2020)
- Board of Directors – New Leaf Behavioral Healthcare (June 2020 – September 2021)
  - Chairman, Fundraising/Community Outreach Committee (July 2020 – September 2021)
- NCPA Psychiatry and Law Committee (1997 – Present)
- Chairman – NCPA Legislative Committee (February 2017 – June 2019)
- Board of Directors – Wake County Human & Environmental Services (July 2010 – March 2012)
- Board of Directors – Postpartum Education & Support, Inc. (June 2007 – June 2009)
- Chief Psychiatric Resident – Medical College of Georgia (June 1995 – 1996)
- Psychiatric Representative – Medical College of Georgia Residency Council (1995 – 1996)
- Medical College of Georgia Residency Selection Committee (1996 – 1996)
- Medical College of Georgia Residency Education Committee (1992 – 1996)
- Resident Representative to the Georgia Psychiatric Physicians' Association (1995 – 1996)
- Journal of Clinical Psychiatry Resident Advisory Board (1994 – 1996)
- E. J. MacCranie Award for Clinical Excellence (1996)
- Hervey Cleckley Award for Best Resident Paper (1996)
- Hervey Cleckley Award for Best Resident Paper (1995)
- Social Psychiatry Award (1995 – 1996)
- Alabama Board of Medical Scholarships – Merit Scholarship (1988 – 1992)
- Summa Cum Laude – Birmingham Southern College (1988)
- Phi Beta Kappa

**RESEARCH**
- "Combined Buspirone & Carbamazepine in the Treatment of Agitation & Delirium Associated with Closed Head Injury"
- "Endogenous Opioids in Psychiatry: Implications for the Treatment of Chronically Self-Injurious Patients"
- "Offenders with Mental Disease or Defect: Historical Perspectives & Emerging Issues" (Co-authored with students participating in the Forensic Psychiatry Seminar Series – Duke University Law School – Spring 1997

USA_0004011

| CASE NAME | | Case Number | County | P/D | S? | ATTORNEY/BILLED TO | DEPO | TRIAL TESTIMONY |
|---|---|---|---|---|---|---|---|---|
| Alshabani | Sawan | 19 CRS 240275 | Mecklenburg | D | | IDS/Dan Roberts | No | 05/27/2021 |
| Arroyo | Alexis | AW1.22.0088 | | | | OFPD/Rosemary Godwin | No | 01/05/2023 |
| Askew | Chauncey | 16 CRS 52539 | Columbus | D | | IDS/Rick Miller/Emily Byrum/Kevin Peters | No | 1/31/2023 |
| Billups | Xavier V. | 20 CR 051635 | Franklin | D | N | IDS/C. Boyd Sturges III | No | 8/29/2023 |
| Blackwell | Ricky Lee | 2018-CP042-00928 | Spartanburg,SC | P | | Pamela Leonard | 2/9/2023 | 3/29/2023 |
| Bowers | Robert | CR 18-292 | Pittsburgh, PA | D | | FPD/Judy Clarke | No | 7/26/2023 |
| Britt v. Hickman | Timothy | | | P | | Allyn Sharp | 12/21/2021 | No |
| Buckman | Wisezah Datawn | 17 crs 51489,972,1072,1073 | Pasquotank | D | | IDS/Steve Freedman/Christine Malumphy | No | 10/24/2023 |
| Bumpass v Birkhead | | | | | | Allyn Sharp | 3/15/2023 | No |
| Burgess | Joshua Lee | | Union County | P | | Mary Beth Usher | No | 05/31/2022 |
| Busby v Three Rivers Behav Hlth | | | Columbia, SC | D | | Jean Marie Jennings | 06/08/2022 | No |
| Collins | Christopher | 19 CR 66776, 66918 | Guilford | D | N | IDS/Jerry D. Jordan | No | 10/28/2022 |
| Cowan, est | William | | Durham | | | Carlos Mahoney | No | 12/6/2023 |
| Crum | Travis | 21CR14277 | State of Oregon | | | Jordan Duhe Willetts | No | 01/29/2025 |
| Deaver | Allen | 17 CRS 780 | Wayne | D | | IDS/David Braswell | No | 12/07/2022 |
| Erne (v. HarmonyHlth,Summerlin) | Logan | | NV | P | N | Brian Davis | 07/23/2021 | No |
| Ervin | Shajuan Dwatray | 19 CRS 51759 | Durham | D | | IDS/Hannah Autry | No | 11/21/2022 |
| Evansceaser | Isaiah | 18 CRS 51504 | Halifax | D | | IDS/Tonza Ruffin | No | 9/28/2022 |
| Flannagan v Little Hills / Centerpointe | | | | | | Lawrence Logback | 10/17/2023 | No |
| Ford | Jarred | AW1.22.0214 | | D | N | OFPD/Rosemary Godwin | No | 08/09/2022 |
| Fuller | LaTonya | | | | | James Johnson | 11/21/2023 | No |
| Hammond | Andrea Nicole | 16 CRS 51278 | Anson | D | | IDS/Kenneth Swain | No | 12/02/2021 |
| Harvin | Cashaun | 15 CRS 51193 | New Hanover | D | N | IDSFS/Jordan Willetts | No | 05/10/2023 |
| Hill | John Oliver | 12 CR 50484 | Hoke | D | | IDS/Lisa Miles | No | 1/3/2023 |
| Hollingsworth (v. Delta Medical) | Julia | | | P | N | Lauran Stirnac / Charles Higgins | 4/5/2023 | No |
| Irons | Angela Simone | 18 CRS 50258 | Robeson | D | N | IDS/Bill Dowdy | No | 4/4/2024 |
| Johnson | James | 21CRS052676 | Johnston | D | N | IDSFS/Charlene Nelson | No | 4/12/2024 |
| Kabusk | Paul Forest | 21 CR 53317 | Cabarrus | D | | IDS/Laura Baker | No | 01/07/2025 |
| Lee | Pheng | 19 crs 52866, 943 | Burke | D | | Sarah Ziomek | No | 05/24/2021 |
| Mackie | Steven Mark | 18 CR 54890 | Wayne | D | | IDS/William Gerrans | No | 4/10/2023 |
| Martens | Thomas | | | D | | Jay Vannoy | No | 11/7/2023 |
| McCollum (NCBar v Megaro) | Henry | | NC | | N | Patrick Murphy | No | 03/16/2021 |
| McGilberry | Steven Antion | 17 CRS 50032 | Perquimons | D | | IDS/Samuel Dixon | No | 12/06/2021 |
| McKinney | Shane Donovan | 18 CR 51139 | Cherokee | D | | IDS/Bill Jones | No | 02/23/2021 |
| Newberry v Tucker, Building Earth | | | NC | D | N | John Barringer | 01/28/2021 | No |
| Odett | Dylan Joseph | 21 CRS 050756 | Johnston | D | | IDS/Charlene Nelson | No | 12/06/2024 |
| Oliver | Jonathan Martin | 19 CRS 52367 | Robeson | D | | IDS/William Dowdy | No | 10/5/2023 |
| Parker | Tangela Louise | 21 CRS 050144 | Catawba | D | | IDS/M. Victoria Jayne | No | 9/28/2023 |
| Pernell | Keone Laory | 21 CRS 53625 | Gaston | D | N | IDS/Michael Neece | No | 11/07/2022 |
| Roderick (v. USPS) | Kristi | | S.C. | P | N | Barrett Brewer | 3/15/2022 | No |
| Self | Roger | 18 CRS 56002-03 | Gaston | D | | IDS/Richard Beam Jr | No | 04/14/2021 |
| Sterling Med Assoc (Charles Schroeder, est v) | | | SC | D | Y | Eimile Whelan / Chip Holmes | 08/01/2023 | No |
| Todd | Corey Alexander | 18 CRS 50344 | Pender | D | | IDS/Paul Mediratta | No | 02/03/2021 |
| Tucker | Cornelius | 15 CRS 53255 | Forsyth | D | | IDS/David Botchin | No | 08/17/2021 |
| Walker | William Shaun | 97 CRS 4409-11 | Stokes | D | | IDSFS/Lauren Miller | No | 10/12/2023 |
| Ward | Derek | 10 CRS 224332, 4 | Mecklenburg | D | | IDS/Mike Kabikoff | No | 06/05/2023 |
| Webster | Christian David | 24 CR 275295 | Franklin | D | | IDS/Boyd Sturges | No | 07/08/2024 |
| Woody, Julius v Vickrey, Randy | | 17 CVS 921 | Chatham | D | N | Cory Reiss | 09/28/2021 | No |
| Young | Anthony | 15 CRS 52465 | Onslow | D | | IDS/Scott Jack/Dick McNeil | No | 10/26/2022 |

# George P. Corvin, MD, DLFAPA
5530 Munford Rd, Ste 119
Raleigh, NC 27612
(919) 782-9554

## Statement of General Conditions

I appreciate the possibility of working with you regarding the psychiatric and medical aspects of this matter. I am including the general conditions required for me to be able to accept this case.

Forensic psychiatric evaluation involves considerable preparation. I not only review all the material specifically gathered regarding a case, but, as appropriate, study relevant literature.

Information needed for an evaluation includes relevant medical reports, depositions, investigation reports, photographs, etc. Full disclosure of information is in your best interest. Additionally, a memorandum or letter outlining the legal issues involved is important.

My hourly fee is $400.00 per hour. This fee includes the following: time for review of documents and relevant medical literature, attorney interviews, deposition appearances, courtroom testimony, and travel time. Out of pocket expenses including mileage, parking, long distance telephone calls, overnight travel, transcription, messengers, extraordinary postage, and copying are billed in addition to the hourly fee. I will have to bill for appointment or court dates (for the time reserved) not cancelled by you 36 hours in advance. Time set aside for testimony is billed at a ½ day (5 hours) or daily rate (10 hours).

**The signature below is to acknowledge receipt of the above Statement of General Conditions and agreement to the fee amounts.**

_____     _____
Signature                     Date

Case name:_____

Please provide the billing information for this case:

_____

_____

_____

USA_0004013